**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTT HARRIS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>AMERICAN SERVICING COMPANY<br>AND REED SMITH LLP,<br><br>　　　　　Defendants. | Civil Action No. 2:16-cv-03643 (JLL) (JAD)<br><br>**OPINION** |

**LINARES**, District Judge.

　　This matter comes before the Court by way of Defendants', American Servicing Company ("ASC") and Reed Smith LLP ("Reed Smith"), Motion to Dismiss (ECF No. 7, (Def.'s Mot. Dismiss)) *pro se* Plaintiff Scott Harris' complaint (ECF No. 1, Complaint ("Compl.")). Defendants move to dismiss pursuant to Fed. R. Civ. P. 12 (b)(6) for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12 (b)(1) for lack of subject-matter jurisdiction based on *Rooker-Feldman* jurisdictional grounds and also challenge the complaint under New Jersey's Entire Controversy Doctrine as enunciated in N.J. Ct. R. 4:30(a). Defendants' motion is unopposed. Without hearing oral argument, the Court has considered the parties' submissions under Fed. R. Civ. P. 78, and for the reasons set forth below grants Defendants' Motion to Dismiss with Prejudice.

1

## Background

This matter revolves around a foreclosure action against Husband and Wife, Scott Harris ("Plaintiff") and Lori A. Harris ("Mrs. Harris").[1] As the only borrower on the note, Mrs. Harris obtained a $460,000 loan to refinance residential property from United States Mortgage Corporation on July 8, 2005. (ECF No. 7-3). However, both Plaintiff and Mrs. Harris signed the security agreement. (ECF No. 7-4). Plaintiff and Mrs. Harris secured the note by executing to Mortgage Electronic Registration Systems, Inc., as nominee for U.S. Mortgage Corp. (Id.). On July 14, 2005, the Essex County Register recorded the Mortgage (the "Mortgage"). (ECF No. 7-5). The mortgage was later assigned on February 10, 2010 to U.S. Bank National Association, as Trustee by MASTR Alternative Loan Trust 2005-6 ("US Bank"); Wells Fargo is the servicing agent for US Bank. (Id.). The Essex County Register recorded the assignment on April 22, 2010. (Id.). On November 1, 2009, Plaintiff defaulted on the loan. (ECF No. 7-6).

### *State Court Proceedings*

Upon default, US Bank filed a Foreclosure Complaint in the Superior Court of New Jersey, Essex County, Chancery Division (the "State Court") on February 18, 2010. (ECF No. 7-6). ASC retained Reed Smith LLP as counsel for the State Court proceedings and Plaintiff's subsequent appeal. Def.'s Mot. Dismiss ¶ 4. At the time the Foreclosure Complaint was filed, the November 1, 2009 loan payment and all succeeding payments remained outstanding. (ECF No. 7-7). The note contains a provision indicating that after thirty days of the date due, if any installment payment of interest, principal, taxes and insurance premium remain unpaid, the lender may exercise the

---

[1] It is noted that in the State Court proceedings both Scott Harris and Lori A. Harris were named defendants to the action. However, Scott Harris proceeding pro se, filed the federal complaint as the only named Plaintiff. For purposes of this opinion, Scott Harris is named "Plaintiff" throughout.

2

option to demand the whole principal sum including all unpaid interest from the borrower. (ECF No. 7-3, 6).

Proceeding pro se, Plaintiff and Mrs. Harris, contested the Foreclosure Action by filing an answer on December 3, 2015 disputing the alleged debt. (ECF No. 1-2). The answer disputed the identity of the owner of the alleged debt, the amount due, the signatures on the loan documents, the Defendants authority to collect the debt and further demanded a full accounting of payments made and payments due. Id.   On August 26, 2015, the State Court decided in favor of US Bank and issued a Writ of Execution, as a result the Note and Mortgage merged into the Final Judgment. (ECF No. 7-7).  Thereafter, Plaintiff filed a Motion to Vacate the Final Judgment. (ECF No. 7-8). The State Court denied this motion in an Order dated January 6, 2016. (Id.).

On January 22, 2016, Plaintiff filed an appeal with the Superior Court of New Jersey, Appellate Division (the "Appellate Division") challenging the State Court's decision. (ECF No. 7-10).  Due to deficiencies within the appeal, the Appellate Division denied Plaintiff's application pursuant to N.J. Ct. R. 2:4-1(a). (ECF No. 7-11).   The Appellate Division permitted Plaintiff to resubmit the appeal with a Notice of Motion to File Appeal as Within Time however Plaintiff failed to do so. (Id.).  Consequently the Appellate Division dismissed the action on April 5, 2016. (Id.).

### *Federal Action*

On June 22, 2016, Plaintiff filed the instant Complaint proceeding *pro se*[2]. Plaintiff's claim revolves around the foreclosure action asserting that Defendants engaged in "illegal conduct" and "abusive behavior" in the collection of the alleged debt in violation of the Fair Debt Collection

---

[2] The Court must construe a pro se complainant's claim liberally, however, a litigant is not simply absolved from complying with the federal pleading requirements and *Twombly*. *Erickson v. Pardus*, 551 U.S. 93 (2007)(quoting *Estelle v. Gamble*, 420 U.S. 97, 106 (1976); *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010)).

Practices Act ("FDCPA"). Compl. ¶ 8. In addition, Plaintiff's complaint contends that "Defendant 'REED' was statutorily required to obtain [the] consent and permission of the Plaintiff when it was substituted as counsel on February 3, 2016 pursuant to 15 U.S.C. §§ 1692 (c) and 1692 (a)(2)" and that "this consent was never obtained by Reed." Id.¶ 10. Plaintiff further alleges that after sending Defendants a Notice of Dispute pursuant to 15 U.S.C. § 1692g(a)(1)(2) Defendants were required to obtain verification and validation of the alleged debt from the original creditor and prior counsel, but failed to do so. Id. ¶ 12.

Plaintiff also claims that Defendants did not cease debt collection when requested by Plaintiff pursuant to [15 U.S.C.] § 1692g(c)(c), "trespass[ed] in Plaintiff's private commercial affairs as well as... harass[ed] and invade[d] Plaintiff's privacy," "threaten[ed] to foreclose on Plaintiff's property," and did not "obtain express permission [from Plaintiff] or from a court of competent jurisdiction to communicate with Plaintiff." Id. ¶ 10, 12, 13, 14, 21. Plaintiff further includes in his complaint that on three separate occasions, Plaintiff attempted to settle the matter privately and requests that the Court "conduct a limited judicial review of Plaintiff's enforcement of its 'private right of action' provided within the FDCPA." Id. ¶ 15, 17. As a result of Defendants' actions, Plaintiff asserts that he suffers from headaches, nausea, embarrassment and insomnia and seeks the following relief:

    A. Declaratory judgment that defendants' conduct violated the FDCPA;

    B. Statutory damages: $1,000

    C. Actual damages: $4,500

    D. Actual damages: $500,000

    E. Costs, fees, and expenses prior to and ongoing;

    F. [] Defendant cease[] any further debt collection activity in compliance with plaintiffs' injunctive relief 1692(c)(c)

    G. [] Such other and further relief as the Court may deem just and proper.

Id. ¶ 23. Defendants requested a Clerk's extension of time to answer or move to August 30, 2016 which was granted by this Court. Def.'s Mot. Dismiss ¶ 9.

On August 30, 2016, Defendants filed the instant Motion to Dismiss with this Court. Def.'s Mot. Dismiss ¶ 9. Defendants move to dismiss with prejudice claiming that the Court lacks subject-matter jurisdiction to hear this case pursuant to Fed. R. Civ. P. 12 (b)(1) under the *Rooker-Feldman* Doctrine and additionally asserts that to the extent the Court may have jurisdiction, all of the issues raised in Plaintiff's complaint "could have and should have" been raised during the foreclosure action in the State Court. Id. ¶ 4. More specifically, Defendants maintain that Plaintiff's allegations are barred by the Entire Controversy Doctrine, the *Colorado River* Abstention Doctrine, *res judicata, collateral estoppel,* and New Jersey's Litigation Privilege. Id. Defendants also base their motion to dismiss on Fed. R. Civ. P. 12 (b)(6) claiming that the complaint fails to plead any elements necessary to support Plaintiff's claims of FDCPA violations, wrongful foreclosure, negligent infliction of emotional distress and intentional infliction of emotional distress. Id. ¶ 22, 26, 27, 30. The Court grants Defendants' Motion to Dismiss with Prejudice due to lack of jurisdiction pursuant to Fed. R. Civ. P. 12 (b)(1) under *Rooker-Feldman* and to the extent that any claim does not fall within the bounds of *Rooker-Feldman*, the Court finds that New Jersey's Entire Controversy Doctrine bars any such claim at this time.

## Legal Standard

Under Rule 12 (b)(1) of the Federal Rules of Civil Procedure, a Defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. The Plaintiff, as the party asserting jurisdiction, bears the burden to establish the federal court's authority to hear the matter. *Packard v. Providential Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). However, depending on the nature of the attack under Fed. R. Civ. P. 12 (b)(1), which may either assert a factual or facial challenge to the court's jurisdiction, a presumption of truthfulness may attach to the plaintiff's allegations. *See Taliaferro v. Darby Twp. Zoning Bd.*, 458 F. 3d 181, 188 (3d Cir. 2006); *Gould Electronics Inc. v. United States*, 220 F.3d 169,176 (3d Cir. 2000); *Turicentro, S.A. v. American Airlines, Inc.*, 303 F. 3d 293, 300 n. 4 (3d Cir. 2002). When a defendant facially attacks the court's jurisdiction under Rule 12 (b)(1), this type of challenge effectively contests the adequacy of the language used in the pleading; the trial court must therefore construe the pleadings in a light most favorable to the plaintiff and presume all well-pleaded factual allegations in the complaint as true. *Turicentro*, 303 F. 3d 293, 300 n. 4; *Gould*, 2201 F.3d at 176. Alternatively, when bringing a factual attack, the defendant contends that the facts on which the plaintiff's allegations rely are not true as a matter of fact. *Id.* Therefore, the plaintiff's allegations do not benefit from a presumption of truthfulness; the court, instead, must weigh the evidence in its discretion by taking into account affidavits, documents, and even limited evidentiary hearings. *Id.*

## Discussion

The Court lacks jurisdiction to hear the case pursuant to Fed. R. Civ. P. 12(b)(1) based on the *Rooker-Feldman* Doctrine and to the extent that any allegation in the Plaintiff's complaint does not fall within the bounds of *Rooker-Feldman*, New Jersey's Entire Controversy Doctrine bars

6

any remaining claims. Therefore, for the reasons discussed below, the Court grants Defendants' Motion to Dismiss with prejudice.

### 1. *The Rooker-Feldman Doctrine*

The *Rooker-Feldman* Doctrine prohibits the use of federal courts as a remedy for unsuccessful state court litigants. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Lower federal courts do not provide an "appropriate appellate proceeding"[3] for state court litigants to collaterally attack a state court's judgment. *Rooker*, 263 U.S. 413, 415-16 (1923). The Doctrine "exhibit[s] the limited circumstances in which [the Supreme] Court's appellate jurisdiction over state court judgments precludes a United States District Court from exercising subject matter jurisdiction in an action it would be otherwise empowered to adjudicate." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). *Rooker-Feldman* divests a federal court of subject-matter jurisdiction if either "the federal claim was actually litigated in state-court prior to the filing of the federal action or the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state-court was wrong." *In re Knapper*, 407 F. 3d 572, 580. (3d Cir. 2005). As the first circumstance invoking the doctrine is readily determined, "inextricably intertwined" occurs when "the relief requested in the federal action requires determining that the state court's decision is wrong or would void the state court's ruling." *FOCUS v. Allegheny County Court of Common Pleas,* 75 F. 3d 834, 840 (3d Cir. 1996).

---

[3] This is true albeit narrow exceptions made by Congress. *See generally* 28 U.S.C. § 2254 (an individual in custody pursuant to a State Court judgment may entertain an application to a federal court for a writ of habeas corpus after exhausting all State court remedies); 25 U.S.C. § 1914 (a federal court has jurisdiction to invalidate a custody proceeding of an Indian Child).

For *Rooker-Feldman* to apply, the Third Circuit sets forth the following requirements: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *B.S. v. Somerset Cnty.*, 704 F.3d 250, 259-60 (3d Cir. 2010)(quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F. 3d 159 (3d Cir. 2010)).

This Court finds that the *Rooker-Feldman* Doctrine applies to Plaintiff's allegations divesting the Court of jurisdiction to hear this case as Plaintiff's claim fulfills the four requirements set forth by *Great Western Mining*. First, Plaintiff lost in state court as a final judgment was rendered against the Plaintiff by the State Court on July 1, 2015 and Plaintiff's motion to vacate the final judgment was later denied by the State Court on January 6, 2016. Furthermore, the Appellate Division denied Plaintiff's appeal and after Plaintiff failed to submit a sufficient appeal the Appellate Division entered a final judgment against the Plaintiff. Next, Plaintiff alleges that his injuries result from the foreclosure action decided in favor of Defendants in the State Court. More specifically, in his federal complaint Plaintiff contends that due to Defendants' actions in attempting to collect the outstanding mortgage payment, the Plaintiff has suffered from "headaches, nausea, embarrassment, and insomnia." Compl. ¶ 18. Further, Plaintiff contends that Defendants' foreclosure practices in violation of the FDCPA resulted in "actual damages, statutory damages, [] costs, fees and expenses." Compl. ¶ 23.

Third, the State Court rendered its final judgment prior to the commencement of this action in federal court as Plaintiff filed his federal complaint on June 22, 2016 and the Appellate Court dismissed the case on April 5, 2016. Lastly, the nature of Plaintiff's allegations requires the Court to review and possibly reject the determinations made by the State Court. Every claim in Plaintiff's

complaint revolves around the Foreclosure Action and further requests that the Court revisit the events surrounding the acts of the Defendants in the collection of the alleged debt. For these reasons, the Court finds that *Rooker-Feldman* applies to divest this Court of jurisdiction to review Plaintiff's claim.

2. *Entire Controversy Doctrine*

In observation of finality, fairness and judicial economy, the Entire Controversy Doctrine requires a party to join all claims and parties that could be joined in a case based on the same transaction or occurrence, or else forfeit the right to litigate the claim or join the party in a later action. *Fornarotto v. Am. Waterworks Co.*, 144 F. 3d 276, 279 (3d Cir. 1998); *Heir v. Delaware River Port Authority,* 218 F. Supp. 2d 627, 633 & n.6 (D.N.J. 2002). The Entire Controversy doctrine applies to claims brought in federal court after the litigation of a state court proceeding involving the same transaction. *Bennum v. Rutgers State Univ.*, 941 F. 2d 154, 163 (3d Cir. 1991). The federal court must apply the state law regarding the Entire Controversy Doctrine "when there was a previous state court action involving the same transaction." *Id.* Accordingly, New Jersey Court Rule 4:30 (a) asserts that "non-joinder of claims or parties required to be joined by the Entire Controversy Doctrine shall result in the preclusion of the omitted claims to the extent required by the Entire Controversy Doctrine." However, N.J. Ct. R. 4:64-5 imposes the following limitations on the preclusive effect in foreclosure proceedings:

> Unless the court otherwise orders on notice and for good cause shown, claims for foreclosure of mortgages shall not be joined with non-germane claims against the mortgagor or other persons liable on the debt. Only germane counterclaims and cross-claims may be pleaded in foreclosure actions without leave of court. Non-germane claims shall include, but not be limited to, claims on the instrument of obligation evidencing the mortgage debt, assumption agreements and guarantees. A defendant who chooses to contest the validity, priority or amount of any alleged prior encumbrance shall do so by filing a cross-claim against that encumbrancer, if a co-defendant, and the issues raised by the cross-claim shall be determined upon application for surplus money pursuant to R. 4:64-3, unless the court otherwise directs.

The Appellate Division of the Superior Court of New Jersey explains that the meaning of "germane" as used in the New Jersey Court Rules was "intended to limit counterclaims in foreclosure actions to claims arising out of the mortgage transaction which is the subject matter of the foreclosure action." *Leisure Technology-Northeast v. Klingbeil Holding Co.*, 137 N.J. Super. 353, 349 A.2d 96, 98-9 (App. Div. 1975).

The Court finds that under New Jersey Law Plaintiff's allegations in his federal complaint all arise out of the same transaction or occurrence as the foreclosure action in the State Court proceedings. Because of this, these claims are all germane as defined by N.J. Ct. R. 4:64-5 and should have been raised in the State Court proceeding. Therefore, the Entire Controversy Doctrine precludes any claims included in Plaintiff's complaint to the extent they are not covered by the *Rooker-Feldman* Doctrine.

## Conclusion

For the reasons set forth above, Defendants', American Servicing Company ("ASC") and Reed Smith LLP ("Reed Smith"), Motion to Dismiss *pro se* Plaintiff Scott Harris' complaint is granted with Prejudice pursuant to Fed. R. Civ. P. 12 (b)(1) for lack of subject-matter under the *Rooker-Feldman* Doctrine. Furthermore, to the extent that any claim or claims do not fall within said jurisdictional limitation, those claims are barred by New Jersey's Entire Controversy Doctrine. An appropriate order accompanies this Opinion.

DATED: October _____, 2016

                                                     JOSE L. LINARES
                                                     UNITED STATES DISTRICT JUDGE

## Conclusion

For the reasons set forth above, Defendants', American Servicing Company ("ASC") and Reed Smith LLP ("Reed Smith"), Motion to Dismiss *pro se* Plaintiff Scott Harris' complaint is granted with Prejudice pursuant to Fed. R. Civ. P. 12 (b)(1) for lack of subject-matter under the *Rooker-Feldman* Doctrine. Furthermore, to the extent that any claim or claims do not fall within said jurisdictional limitation, those claims are barred by New Jersey's Entire Controversy Doctrine. An appropriate order accompanies this Opinion.

DATED: October **27**, 2016

_____
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE